[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15695
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00261-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME JORDAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 22, 2009)

Before BLACK, CARNES and FAY, Circuit Judges.

PER CURIAM:

Jerome Jordan appeals his conviction for assault resulting in serious bodily injury while under the maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(6). On appeal, he argues the evidence was insufficient to support the jury's finding the bodily injury was "serious" within the meaning of the statute. Jordan argues that, although he punched his coworker, Robert Grubbs, Jr., in the mouth, he did not inflict "serious bodily injury" under the meaning of 18 U.S.C. § 113(a)(6).

A claim of insufficient evidence to convict is reviewed de novo. *United States v. Nolan*, 223 F.3d 1311, 1314 (11th Cir. 2000). We view the evidence in the light most favorable to the government and affirm the conviction if, based on this evidence, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* In reviewing witness testimony, "[t]he jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006). "It is emphatically not within the province of an appellate court to reweigh the evidence and the credibility of the witnesses at trial." *United States v. Hernandez*, 141 F.3d 1042, 1052 (11th Cir. 1998).

Under 18 U.S.C. § 113(a)(6), it is a federal crime to commit an "[a]ssault resulting in serious bodily injury" within the maritime and territorial jurisdiction of

2

the United States.[1]  Pursuant to § 113(b)(2), the term "serious bodily injury"

applies as defined in 18 U.S.C. § 1365.  That section defines "serious bodily

injury" as a bodily injury involving:

(A)    a substantial risk of death;
(B)    extreme physical pain;
(C)    protracted and obvious disfigurement; or
(D)    protracted loss or impairment of the function of a bodily
         member . . . .

18 U.S.C. § 1365(h)(3).  The parties agree Grubbs did not face a substantial risk of

death.  Thus, the issue is whether his injury qualified as a "serious bodily injury"

under any of the remaining three subsections.

Although our precedent does not provide much guidance as to what injuries

constitute serious bodily injuries under subsections (B), (C), and (D), we have

reviewed similar language in the Sentencing Guidelines.  *See United States v.*

*Torrealba*, 339 F.3d 1238, 1246 (11th Cir. 2003) (discussing whether the victim's

injuries constituted "permanent or life-threatening bodily injuries" such that an

enhancement under U.S.S.G. § 2A4.1(b)(2)(A) was appropriate).  Under the

Guidelines, "permanent or life-threatening bodily injuries," include, *inter alia*,

substantial impairments of the function of a bodily member that are likely to be

---

[1] Section 113 does not define "assault," thus we apply the common law meaning of the term, and we have determined the statute encompasses assaults committed by battery.  *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999).

permanent, and "obvious disfigurement[s] that are likely to be permanent." U.S.S.G. § 1B1.1 cmt. 1(J) (formerly U.S.S.G. § 1B1.1 cmt. 1(g)). We affirmed the sentencing court's finding that the victim suffered "permanent or life-threatening bodily injuries," because her facial symmetry was permanently altered and her nerve damage and scarring were likely to be permanent. *Torrealba*, 339 F.3d at 1246. We also indicated that the district court's determination of whether the victim's injuries met this threshold was a factual finding. *Id.* (reviewing this determination for clear error).

We find our precedent addressing whether injuries a victim suffered were "permanent and life-threatening" illuminating. We are also mindful that questions relating to the credibility of the evidence—including whether witness testimony was exaggerated—are issues for the jury to resolve, and we decline to reweigh the witnesses' credibility on appeal. As to the ultimate question of whether Jordan inflicted "serious bodily injury" on Grubbs, we note the evidence showed, *inter alia*, that: Jordan's punch knocked Grubbs to the ground; the punch split Grubbs' lip in half and chipped his tooth; Grubbs rated the pain an eight on a scale of one to ten; the punch injured three distinct layers of sensitive nerve endings on Grubbs' lip; the injury merited treatment with the strongest pain medication available; one witness testified there was a "decent amount" of blood, and another stated there

was "a lot" of blood and he had never seen anyone be hit that hard; Jordan was "quite a bit bigger" than Grubbs; Grubbs would have a permanent scar on his lip; and Grubbs' injury area would be permanently numb. Accordingly, there was sufficient evidence for a rational juror to conclude Grubbs' injury was a "serious bodily injury," and we affirm Jordan's conviction.

**AFFIRMED.**